**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

_____

No. 24-2414

_____

ROBERT LEE, JR., INDIVIDUALLY AND FOR
ALL OTHERS SIMILARLY SITUATED,
Appellant

v.

MARIROSA LAMAS; MICHAEL WENEROWICZ;
TY STANTON, IN THEIR INDIVIDUAL CAPACITIES

_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. No. 2:19-cv-00241)
District Judge: Hon. Cynthia M. Rufe

_____

Submitted Pursuant to Third Circuit L.A.R. 34.1(a)
May 14, 2025

_____

Before: SHWARTZ, MATEY, and FREEMAN, *Circuit Judges*

(Filed: May 14, 2025)

_____

OPINION*

_____

---

*This disposition is not an opinion of the full Court and, under I.O.P. 5.7, does not constitute binding precedent.

MATEY, *Circuit Judge*.

Robert Lee, Jr. sued three state correctional employees for unpaid wages. The District Court granted summary judgment for the Defendants and, finding no error, we will affirm.

**I.**

Lee, a former Corrections Officer Trainee at the State Correctional Institution Chester (SCI-Chester), filed a putative class action seeking relief for alleged violations of the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–219, and Pennsylvania Minimum Wage Act (PMWA), 43 Pa. Stat. and Cons. Stat. §§ 333.101–.115. He sued three Pennsylvania Department of Corrections (DOC) employees in their individual capacities: Marirosa Lamas, SCI-Chester Superintendent, Michael Wenerowicz, Deputy Secretary Eastern Region, and Ty Stanton, Bureau of Human Resources Director. The District Court granted summary judgment for the Defendants, concluding that the FLSA claim was barred by the Eleventh Amendment because the Commonwealth was the real party in interest and declining to exercise supplemental jurisdiction over Lee's PMWA claim. Lee moved for reconsideration, which the District Court denied. He timely appealed the District Court's grant of summary judgment and denial of his motion for reconsideration.[1]

---

[1] The District Court had jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1367, and we have jurisdiction under 28 U.S.C. § 1291. "We exercise plenary review over the District Court's grant of summary judgment," *Sec'y U.S. Dep't of Lab. v. Nursing Home Care Mgmt. Inc.*, 128 F.4th 146, 154 (3d Cir. 2025), "meaning we review anew the District Court's summary judgment decision[], applying the same standard it must

## II.

While the District Court granted summary judgment based on the Eleventh Amendment, we need not wade into questions of sovereign immunity because Lee cannot maintain his FLSA claim against the Defendants.[2] An individual is liable under the FLSA when he "exercises 'supervisory authority over the complaining employee and was responsible in whole or part for the alleged violation' while acting in the employer's interest." *Thompson v. Real Est. Mortg. Network*, 748 F.3d 142, 153 (3d Cir. 2014) (quoting *Haybarger v. Lawrence Cnty. Adult Prob. & Parole*, 667 F.3d 408, 417 (3d Cir. 2012)).

Far from being responsible, the undisputed record shows that Defendants were not involved in the purported violation. *Id.* While they had supervisory roles, none of the Defendants were responsible for developing or enforcing wage and hour policies. Nor were Lamas or Wenerowicz "involved in recording or reporting officers' time for payroll purposes." App. 542 (Lamas); *see* App. 85–86 (Wenerowicz). And while Stanton

---

apply," *Ellis v. Westinghouse Elec. Co., LLC*, 11 F.4th 221, 229 (3d Cir. 2021). "[W]e may affirm for any reason supported by the record," *Rivera v. Redfern*, 98 F.4th 419, 422 (3d Cir. 2024), but summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law," Fed. R. Civ. P. 56(a).

[2] This basis for affirmance is familiar to the parties. The Defendants argued in their motion for summary judgment that they could not "be liable as Plaintiff's employer for FLSA violations." Dist. Ct. Dkt. 29 at 13. And in his response to the motion, Lee marshalled a panoply of evidence to oppose this argument. While the District Court based its summary judgment ruling solely on sovereign immunity, we are not so constrained in our review of the record. *See Baloga v. Pittston Area Sch. Dist.*, 927 F.3d 742, 751 (3d Cir. 2019); *In re Hechinger Inv. Co. of Del., Inc.*, 335 F.3d 243, 250 (3d Cir. 2003).

"supervised . . . employees who process payroll" for DOC, he and those employees "were not responsible for ensuring that the timesheets received from SCI-Chester accurately reflected time worked." App. 83–84. Simply put, there is no genuine dispute that Defendants were not "responsible . . . for the alleged violation," *Thompson*, 748 F.3d at 153 (quoting *Haybarger*, 667 F.3d at 417).[3] So we will affirm.[4]

---

[3] Because the District Court properly granted summary judgment on Lee's FLSA claim, we perceive no abuse of discretion in its refusal to exercise supplemental jurisdiction and dismissal of his PMWA claim without prejudice. *See* § 1367(c)(3); *Kach v. Hose*, 589 F.3d 626, 650 (3d Cir. 2009). And since we affirm the District Court's grant of summary judgment, we see no abuse of discretion in its denial of the motion for reconsideration. *See Chesapeake Appalachia, LLC v. Scout Petrol., LLC*, 809 F.3d 746, 753 (3d Cir. 2016); *Harsco Corp. v. Zlotnicki*, 779 F.2d 906, 909 (3d Cir. 1985) (explaining that "[t]he purpose of a motion for reconsideration is to correct manifest errors of law or fact"). Nor are we concerned that this ruling comes before the parties have completed discovery. Thus far, they have engaged in "initial discovery related to conditional certification to proceed on a collective basis," Dist. Ct. Dkt. 21 at 1, and a "limited merits discovery period to address the question of immunity under the Eleventh Amendment," Dist. Ct. Dkt. 33 at 1. Lee has not explained what additional discovery, which would "include Parties' depositions, full discovery on the merits and damages, and any expert testimony if needed," Dist. Ct. Dkt. 33 at 3, could add to this evaluation, considering all Defendants have already been deposed on their role in the alleged FLSA violations.

[4] Judge Shwartz would join her colleagues in affirming, in part, as to the named Defendants, but, given the information in the record developed from the limited discovery permitted, would vacate in part with instructions to provide Lee with leave to amend his complaint to name other individuals as defendants if any and conduct discovery concerning the actions of such individuals.